# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRANKLIN LAMAR STAFFORD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-56-PLC |
| | ) |
| CHANTAY GODERT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil action filed by Franklin Lamar Stafford, Jr., a prisoner. For the reasons explained below, the Court will permit plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $2.26. In addition, the Court will dismiss the complaint, without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff originally filed the instant complaint in the United States District Court for the Western District of Missouri. On July 6, 2018, the Honorable Brian C. Wimes entered an order transferring the case to this Court on the basis of venue. Judge Wimes also granted plaintiff provisional leave to proceed *in forma pauperis*. This Court has reviewed the information in plaintiff's "Affidavit in Support of Request to Proceed In Forma Pauperis – Prisoner Cases" form, and has determined to allow plaintiff to proceed *in forma pauperis* in these proceedings. The Court has also reviewed plaintiff's certified inmate account statement, and will assess an initial partial filing fee of $2.26, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court

must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Warden Chantay Godert ("Godert"), Corrections Officer Damien Austin ("Austin"), and Investigator Zachary Whitehead ("Whitehead"). Plaintiff states he sues the defendants in an official capacity.

Plaintiff is presently incarcerated at the Crossroads Correctional Center, Cameron, Missouri, in the Western District of Missouri, but his claims arose from events that occurred when he was incarcerated at the Northeast Correctional Center ("NECC"), Bowling Green,

Missouri, in the Eastern District of Missouri. According to the complaint, on October 13, 2017, plaintiff flooded his cell and was being escorted by Austin. Plaintiff alleges that, while in a sally port area, he "was sexually assaulted by forceful groping of my buttocks." (Docket No. 1 at 6). Plaintiff identifies Ausin as the one who groped his buttocks. He claims Godert was "well aware of the sexual assault" but "acted like nothing had happened." *Id.* Godert also allegedly failed to separate plaintiff from his attacker. In November 2017, plaintiff was interviewed by Whitehead while Austin was present.

As relief, plaintiff seeks an award of monetary damages. He also states he wants the Missouri Department of Corrections to follow federal standards.

**Discussion**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Since, plaintiff states that he sues all of the defendants in their official capacities, the Court must construe the complaint as against the governmental entity that employs the defendants, which in this case is the Missouri Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). A suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri, and "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71. Therefore, the Court concludes that plaintiff cannot maintain a suit for damages against these defendants, as none can be considered a "person" within the meaning of the statute.

Even if plaintiff had sued the defendants in an individual capacity, the complaint would be subject to dismissal. Plaintiff can be understood to assert claims under the Eighth Amendment, which prohibits cruel and unusual punishment and provides a "right to safe and humane conditions of confinement." *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). A successful claim under the Eighth Amendment requires that the plaintiff show "[a] denial of safe and humane conditions" resulting "from an officer's deliberate indifference to a prisoner's safety." *Id*. (quoting *Fruit v. Norris*, 905 F.2d 1147, 1150 (8th Cir. 1990)). Deliberate indifference requires "more than mere negligence," but does not require acting "for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. If the allegation of a sexual assault by a prison official is properly pleaded and proved, it would amount to an Eighth Amendment violation. *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998).

In *Berryhill*, the plaintiff alleged he was approached by four defendants, two of whom grabbed his buttocks even as he protested, telling them he "didn't play this." *Id.* at 1074-75. Plaintiff filed a § 1983 action against the defendants, claiming sexual assault. In affirming the district court's grant of defendants' summary judgment, the Court noted plaintiff alleged nothing other than the fact he was briefly touched in support of his claim that he was sexually assaulted. *Id.* at 1076. The Court found it significant that the incident did not involve discipline or undue force, that plaintiff suffered nothing more than a brief unwanted touch on his buttocks, the touching was not accompanied by any sexual comments or banter, and plaintiff did not allege he feared sexual abuse during the incident. *Id.* The Court concluded that it would be a "distortion" to construe the incident as a sexual assault. *Id.*

Here, plaintiff alleges he was "sexually assaulted by forceful groping of my buttocks." "Groping" is defined as "moving or going about clumsily or hesitantly; stumbling; showing or reflecting a desire to understand, especially something that proves puzzling." *Random House Dictionary of the English Language* (1st ed. 1966). As in *Berryhill,* plaintiff does not allege that the incident involved discipline or undue force, he does not allege that the touching was accompanied by any sexual comments or banter, and he does not allege that he feared sexual abuse during the incident. Instead, plaintiff offers only his own speculation, supported by a conclusory statement, that the touching was sexual in nature. This Court is not bound to accept as true a conclusory statement couched as a factual allegation. *See Twombly*, 550 U.S. at 555 (citation omitted). Having carefully reviewed the complaint and liberally construed plaintiff's allegations, the Court concludes that plaintiff, like the plaintiff in *Berryhill*, has failed to allege facts to demonstrate a plausible claim that the alleged touching could be construed as a sexual assault. As the *Berryhill* Court noted, not "every malevolent touch by a prison guard [or civilian prison worker] gives rise to a federal cause of action." *Id.* at 1076 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

Next, plaintiff alleges that Godert was aware of the incident but "acted like nothing happened," and failed to separate him from his attacker. He does not allege any action or inaction on Godert's part caused any harm. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Here, plaintiff has not adequately alleged facts showing how Godert was directly involved in or personally responsible

6

for any alleged violations of his constitutional rights. Instead, plaintiff's claim against Godert appears to be based upon her position as the NECC warden. However, the theory of *respondeat superior* is inapplicable to § 1983 cases. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Finally, plaintiff claims that Whitehead interviewed him while Austin was present. This allegation simply fails to state any claim of constitutional significance. The only claim the Court can ascertain without engaging in wholly improper speculation is that Whitehead violated a procedure prescribed by the prison's own rules. However, it is well established that there is no federal constitutional liberty interest in having prison officials follow prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *see also Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

After filing the instant complaint, plaintiff filed a letter to the Court stating he wished to add two more defendants to his case. Included with the letter were two pages on which plaintiff had written the names of Anne Precythe and Alana Boyles. Plaintiff described their positions within the Missouri Department of Corrections, and stated he was suing them in their official capacities. Plaintiff did not explain why he wanted to name Precythe and Boyles as defendants, nor did he allege that either of them engaged in any wrongdoing.

Having reviewed plaintiff's supplemental filing, the Court concludes that it provides no independent basis for relief, nor does it provide a basis to allow plaintiff to amend his complaint. The supplemental materials merely note Precythe and Boyles's names and their occupations. Plaintiff does not allege that either of them engaged in any wrongdoing. Merely listing a defendant's name, without alleging she engaged in any wrongdoing, is insufficient to support a claim against her. *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (citations omitted). It

appears that plaintiff intends to proceed against Precythe and Boyles on a *respondeat superior* theory which, as noted above, he cannot do. If the supplemental materials, in the present form, were included with the complaint, or if plaintiff were granted leave to amend his complaint to add these individuals as defendants, Precythe and Boyles would be dismissed. "Futility is a valid basis for denying leave to amend." *U.S. ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted).

Having thoroughly reviewed and liberally construed plaintiff's complaint and his supplemental filing, the Court has determined that this action must be dismissed. Plaintiff composed the complaint and the supplemental filing in a logical fashion. He clearly sets forth the allegations against Godert, Austin and Whitehead, and it appears obvious that he names Precythe and Boyles due to their positions within the Missouri Department of Corrections rather than because they engaged in wrongdoing. It is apparent plaintiff's allegations simply fail to state claims of constitutional significance, rather than involve a pleading deficiency that could be remedied by filing an amended complaint. The Court will therefore dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.26 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 17th day of October, 2018.

*E. Richard Webber*

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE